Hazel D. Sutherland, Appellee, v. Michael Guccione, and Oliver Sandquist, d/b/a Architectural Builders Co., Defendants.
On Appeal of Oliver Sandquist, d/b/a Architectural Builders Co., Appellant.
On Appeal of Hazel D. Sutherland, Plaintiff-Appellant.

Gen. No. 46,654.

First District, Third Division.
December 14, 1955.
Released for publication January 26, 1956.

203

Crowe, Yates, Abrahamson & Fisk, of Chicago, for appellant Oliver Sandquist; Burt A. Crow, of Chicago, of counsel.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago, for Hazel D. Sutherland as appellee and as appellant; Oswell G. Treadway, of Chicago, of counsel.

John J. Maciejewski, of Chicago, for Michael Guccione as appellee; Charles D. Snewind, of Chicago, of counsel.

JUDGE KILEY delivered the opinion of the court.

This is a personal injury action. At the trial the jury found Sandquist guilty and awarded plaintiff $2,500 damages. Guccione was found not guilty. Sandquist moved for a new trial and plaintiff moved for a new trial as to Guccione. The motions were denied and judgments were entered on the verdicts. Sandquist has appealed from the judgment against him and plaintiff has cross-appealed from the judgment in favor of Guccione.

Plaintiff was injured near the intersection of Oak Street, an east-west street, and State Street, a north-south street, in Chicago. Oak Street as it goes west jogs about seventy-five feet to the south at State Street so that the northeast corner of State and Oak Streets is about seventy-five feet north of the northwest corner. There are traffic lights at the four corners of the intersection. The jog in Oak Street necessitates a fifth traffic light which is located on the west sidewalk of State Street about seventy-five feet north of the light at the northwest corner. This fifth light is at the north crosswalk.

Shortly before the accident plaintiff had walked south on the west side of State Street on her way to lunch at Wabash Avenue and Oak Street. Automobiles

204

were parked solidly on the west side of State Street, even in the crosswalk. Plaintiff, in order to cross State Street to the east side, was required to go through a space between parked cars about twenty feet north of the north crosswalk. In returning from lunch, plaintiff stopped at the northeast corner of the intersection, and as the lights changed in her favor she walked west across State Street in the north crosswalk.

Guccione's truck was southbound and had stopped for the traffic light with its front a few feet into the crosswalk and its west side near the parked cars. Plaintiff crossed in front of the truck and then, according to her testimony, because Sandquist's parked car blocked the crosswalk, turned north to walk to the opening she had used in her earlier crossing. As she walked between the truck and Sandquist's car, the lights changed and the Guccione truck moved forward, trapping plaintiff between it and Sandquist's car, and as a result she was struck by the body of the truck and was injured.

The complaint alleged that plaintiff was in the exercise of due care and that Sandquist's negligence in illegally parking and Guccione's negligence, among other acts, in starting his truck before plaintiff was in a safe place constituted the proximate cause of her injury. The jury answered special interrogatories in plaintiff's favor on the question of her due care and in Guccione's favor on the question of his negligence.

The issues here, with respect to Sandquist, are whether there is any evidence that he was negligent; whether the position of his car was the proximate cause of the injury; whether there is any evidence of plaintiff's due care; and whether the verdict as to him was against the manifest weight of evidence.

Sandquist does not argue that his car was not parked illegally (in violation of the Municipal Code of Chicago, Sec. 27–122) blocking the crosswalk at the time

205

of the accident. He argues that there is a failure to prove that he parked the car in that position. There is no direct testimony tending to prove that fact.

Sandquist testified twice during the trial, once during plaintiff's case (Ill. Rev. Stat. 1953, Chap. 110, Sec. 184; C. P. A. Sec. 60 [Jones Ill. Stats. Ann. 104.060]) and later in his own behalf. Under Section 60 he stated that he parked in the vicinity regularly and that it was very possible that his car was parked somewhere on State Street near Oak Street, although he did not remember whether it was blocking the crosswalk at the time. As defendant he testified positively that he did not park his car in the crosswalk, saying that it could have been either north or south of the crosswalk, but not in it. Sandquist also stated that he had operated a business in the immediate vicinity of the accident for six or seven years and that he had been parking there every day.

Sandquist argues that the mere fact that his car was found in the crosswalk was no proof of his negligence. He impliedly admits that there arose from the car's presence in the crosswalk a presumption that he had parked it there, but claims this presumption was "immediately disposed of" by his uncontradicted testimony that he did not so park his car.

A presumption of ownership arises from the presence of one's name on a vehicle (Robeson v. Greyhound Lines, Inc., 257 Ill. App. 278); the presumption of ownership of a locomotive arises from one's name appearing on the locomotive even though operated on a track other than defendant's (East St. Louis Connecting Ry. Co. v. Altgen, 210 Ill. 213); and the presumption that an agent was in his master's service arises from the agent's operation of the master's truck (Kavale v. Morton Salt Co., 329 Ill. 445). The extension of these rules underlies the implied admission of Sandquist. The presumption that he parked his car

206

in the crosswalk is prima facie proof of negligence sufficient to take the case to the jury.

 Sandquist's testimony that he did not park the car in the crosswalk could not be ignored by the jury unless it was impeached, contradicted or from its nature was not credible. Kuehne v. Malach, 286 Ill. 120, 126; Stephens v. Hoffman, 275 Ill. 497, 502; Paulsen v. Cochfield, 278 Ill. App. 596, 607. We think the jury was free to "disregard" his testimony that he did not park his car in the crosswalk because, considered with the whole of his testimony, its vagueness and indefiniteness, the jury could reasonably conclude that his account discredited his story. People v. Davis, 269 Ill. 256, 270–271. We cannot say as a matter of law that the jury was bound to accept Sandquist's statement on the grounds that it was positive and uncontradicted. Furthermore, the jury was free to consider the fact that Sandquist had an interest in the suit as a party; they also had the advantage of observing his manner of testifying.

 We see no merit in the contention that the jury's special verdict on due care of plaintiff was against the manifest weight of evidence. The evidence does not show that plaintiff, in view of the unlawfully blocked crosswalk, should clearly have crossed the street obliquely toward the southwest corner of State and Oak Streets; or should have walked south on State Street along the parked cars, with her back to southbound traffic, instead of north; or should have walked away from her destination, south on the east side of State Street to the south side of Oak Street and then to the west sidewalk of State Street. The jury could reasonably have found that the course she followed was prudently selected from the alternatives possible under the circumstances.

 We turn now to the question of proximate cause. Taking the evidence in its most favorable light

207

to plaintiff we think reasonable men could conclude that Sandquist should have foreseen that parking his car unlawfully in the crosswalk would block the path of pedestrians crossing State Street from the east desirous of gaining the west sidewalk; that the pedestrians would probably be required to walk north or south along the parked cars to find access to the sidewalk; that this action might require their "straddling through" between the parked cars and other vehicles stopped for the traffic signal; and that a pedestrian might be trapped in this space and be struck and injured. This is sufficient to take this question to the jury. Ney v. Yellow Cab Co., 2 Ill.2d 74, 79. The rule stated in Walker v. Illinois Commercial Telephone Co., 315 Ill. App. 553, is inapplicable in view of our conclusion hereinafter respecting defendant Guccione.

■ We think we have discussed the evidence sufficiently to lay the basis for deciding that the verdict against Sandquist is not contrary to the manifest weight of evidence. Kahn v. James Burton Co., 5 Ill.2d 614, 623. The views expressed in the Kahn case with respect to trial by jury operate likewise against the contention of plaintiff that the special and general verdicts in favor of Guccione are against the manifest weight of evidence.

■ The evidence is that plaintiff went around the front of the standing truck but was not seen by Guccione, and the crosswalk being blocked she turned north and was between the cab of the truck and the parked cars, a two-foot space, when the light changed. Guccione, at the change of lights and before starting, looked to the right and left and into the right rearvision mirror, and seeing no one, he started up. It may be that he could not see plaintiff at the time. The height of the right door window is not in evidence and plaintiff was but 5 feet 6½ inches tall. The jury, though it may have thought he should have seen plain-

tiff as she crossed before his truck when he was looking ahead, may have also decided he was not required to see what was ahead of him until he was ready to start, and at that time she was not ahead of him and not otherwise in his sight through no fault of his. We cannot say that the manifest weight of evidence prevented this finding.

For the reasons given the judgments are affirmed.

Judgments affirmed.

LEWE, P. J. and FEINBERG, J., concur.