(No. 35107.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALEXANDER DOUGARD, Plaintiff in Error.

*Opinion filed May 22, 1959.*

HERSHEY, J., dissenting.

PAUL B. BALLIN, JR., of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Defendant Alexander Dougard having waived a trial by jury was convicted upon a trial by the court, of the crime of burglary and was sentenced to serve a term of not less than two years nor more than three years in the penitentiary. Byron Larkin, his codefendant, had previously pleaded guilty to the charge of burglary. Both defendants then petitioned the court for probation and shortly thereafter Larkin was admitted to probation and Dougard was sentenced to the penitentiary, as aforesaid. To reverse this conviction defendant has sued out a writ of error to the criminal court of Cook County, contending that the evidence in the record is insufficient to support the finding and judgment of guilty.

The evidence shows that defendant and his co-defendant Byron Larkin, on the day the alleged offense was committed commenced drinking together at about 3 o'clock that afternoon and continued drinking until 10 or 11 o'clock that evening. Just previous to his arrest defendant and Larkin, to get some fresh air, took a ride in defendant's auto down Milwaukee Avenue near Berteau Avenue in the city of

Chicago where they parked the car. Defendant went into the alley to relieve himself. While there it appears that Larkin entered the premises nearby and stole a box of tools valued at $64. Larkin was arrested in an areaway adjoining the building he had just burglarized. Shortly thereafter defendant was arrested in the alley by the same officer.

Patrick J. Driscoll, a police officer of the city of Chicago, was the only witness called by and testifying for the State. Defendant Dougard testified in his own behalf. Larkin testified as a witness on behalf of defendant. At that time he had already pleaded guilty to the burglary charge but sentence was deferred until after Dougard's trial. Officer Driscoll testified that on the day in question he received a call of a burglary in progress at 4163 Milwaukee Avenue. He was then two blocks away. On arrival he found Larkin in a gangway in an alley behind that address. He had a box of tools. He admitted he had burglarized the premises and had taken the tool box.

As to defendant Dougard, officer Driscoll testified he found him 150 to 175 feet in the alley relieving himself against a garage door. Dougard showed him where the car was parked. Driscoll testified further that he questioned both men at the station; that he could smell liquor on Dougard's breath and that in none of Dougard's conversation did he ever admit he burglarized the premises.

Defendant testified he was 34 years of age, married, living with his wife and was a salesman. On the day in question he met Larkin about 3 o'clock in the afternoon, went into a tavern and started drinking. They became "kind of drunk" and went out for air and stopped off at a couple of taverns. Defendant further testified that he stopped to relieve himself near Ramme's Funeral Home, having lived nearby for a couple of years. He parked the car right along the street. He was pretty drunk and he went into the alley where it was darkest; that he didn't

notice where Larkin went; that they never had any conversation regarding any burglary or robbery and that he, Dougard, did not know Larkin was committing a burglary until the police came up to him; and that he never went into the place or near it except to pass it on his way up the alley to relieve himself. He testified that Larkin was away from him, he thought, about four minutes when the police placed him under arrest. This was about 10 or 11 o'clock in the evening.

Byron Larkin testified in substance that on the day in question he was out drinking with defendant Dougard; that at no time while they were drinking and talking was any burglary or robbery discussed. It never entered his mind and he never said anything about entering this place. Nor did they have any understanding prior to this time to attempt any burglary. He further testified that he went back and saw a little paned window open, climbed in, threw the box out and climbed out. Prior to this time he had never been near the burglarized premises.

It was stipulated on the question of his credibility that defendant Dougard had been convicted on a plea of guilty to the crime of burglary in the criminal court of Cook County on December 12, 1950.

Upon a consideration of the evidence, and all of the legitimate inferences reasonably to be drawn therefrom we feel that it falls far short of the standard required to sustain this conviction. There is no evidence here of a common design; there is no evidence that defendant knew Larkin was about to commit or was committing the crime of burglary. All that the proof showed, so far as the defendant is concerned, is that he and Larkin drove to and stopped near the place which Larkin later burglarized and that defendant was in an alley near that place where he was arrested. What he was then doing there and the way he reacted when questioned by the officer after his arrest

clearly negates the theory or inference that he was acting as a "lookout" for Larkin.

It is conceded by the People that there is no direct evidence to establish that defendant physically aided Larkin in making entry to the sheet metal shop, or that he was physically in the shop at any time during the burglary, or that he physically assisted Larkin in the removal of any property therefrom. However, the People argue that the circumstances in evidence are sufficient to sustain the conviction. With this contention we cannot agree. While circumstantial evidence is legal evidence, yet to warrant a conviction on such evidence the facts proved must so thoroughly establish the guilt of the person accused as to exclude every reasonable hypothesis of his innocence. Although this court is committed to the doctrine that the jurors are the judges of the weight of the evidence in criminal cases, yet we will not hesitate to reverse a judgment of conviction resting upon circumstantial evidence that raises little more than a suspicion against the accused, and leaves a grave and serious doubt of his guilt. *People* v. *Burgard*, 377 Ill. 322; *People* v. *Christocakos*, 357 Ill. 599.

As previously stated, no errors are assigned other than the alleged insufficiency of the evidence to sustain the conviction of defendant. We have consistently held in many cases over a long period of years that in criminal cases it is the duty of this court to review the evidence, and, if there is not sufficient credible evidence, or if it is improbable or unsatisfactory, or not sufficient to remove all reasonable doubt of defendant's guilt and create an abiding conviction that he is guilty, the conviction will be reversed. It is the duty of this court to resolve all facts and circumstances in evidence on the theory of innocence rather than guilt if that reasonably may be done, and where the entire record leaves us, as this one does, with grave and substantial doubt of the guilt of the defendant, we will not

hesitate to reverse the judgment. *People* v. *Sheppard,* 402 Ill. 347.

Because the evidence fails to satisfy us of defendant's guilt beyond a reasonable doubt the judgment of conviction must be reversed. Moreover, since it does not appear that there are witnesses available other than those who have already testified, the cause will not be remanded for a new trial. *People* v. *Guardino,* 13 Ill.2d 58.

*Judgment reversed.*

Mr. JUSTICE HERSHEY, dissenting:

I dissent from the foregoing opinion for the reason that I believe the evidence is sufficient to prove the defendant guilty beyond a reasonable doubt. The facts disclose that the place burglarized was next door to where the defendant worked, and that he was familiar with the neighborhood. It also is clearly established that Dougard drove Larkin to a place near where the burglary was committed, that when arrested he told police he had just come in the alley, and did not know where his partner was. He also was reluctant to tell them where his car was parked, and refused to tell them why he was where he was. The evidence further discloses that Dougard pleaded guilty to burglary on a previous occasion. While this fact is not evidence of guilt here, it can and should be considered in appraising his credibility. Thus, considering the questionable veracity of his testimony in his own defense, the statements he made at the time of his arrest, the facts and circumstances of the occurrence, and the record as a whole, I believe the evidence is sufficient to establish his guilt to the extent the law requires.