**People of the State of Illinois, Appellee, v. Anthony V. Jendrzejak, Appellant.**

Gen. No. 51,913.

First District, Fourth Division.

July 17, 1968.

McCORMICK, P. J., dissenting.

John E. McKeigue, of Harvey, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Daniel Weil, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

CRIME CHARGED

Driving while under the influence of intoxicating liquor. (Ill Rev Stats (1967), c 95½, § 144.)

JUDGMENT

After a bench trial, defendant was found guilty and fined $200.

CONTENTIONS ON APPEAL

(1) Defendant was denied a fair trial because of the admission into evidence of a statement which had been obtained from him in violation of his constitutional rights.

(2) Defendant was not proven guilty beyond a reasonable doubt.

EVIDENCE *

AT A HEARING ON DEFENDANT'S MOTION TO SUPPRESS EVIDENCE.

*Leonard Ruksha,* arresting officer.

When he came to the scene of the accident, and was investigating what had happened, defendant admitted driving. Defendant made this statement before he was restrained or arrested.

(Defendant's motion to suppress was denied.)

AT THE TRIAL

*Leonard Ruksha,* for the State.

He was a police officer. At 2:17 a. m., April 8, 1966, he saw a car in the ditch along Austin Boulevard at 92nd Street. Defendant was standing on the roadway. Ruksha investigated to determine how the car got in the ditch and who owned it. Defendant stated that he was the owner and driver of the automobile. Thereupon, Ruksha arrested defendant and took him to the Oak Lawn police station.

Ruksha made the following observations regarding defendant: (1) There was a strong odor of alcohol on his breath; (2) he was talkative, insulting, and cocky; and (3) his speech was mumbled and "mush-mouthed." On intoxication performance tests his balance was wobbly, his walking was staggering, his turning was swaying, and on the finger-to-nose test he completely missed with both hands. Defendant refused to take the coin test. He also refused to answer any questions from the

---

* Since no verbatim transcript was available, the Report of Proceedings was prepared pursuant to Supreme Court Rule 36–1(3) (c). 29 Ill2d XI–XII, now Rule 323(c), ch 110A, § 323(c). Defendant raises no proper issue concerning the accuracy of the Report of Proceedings.

315

Alcoholic Influence Report Form. In Ruksha's expert opinion, defendant was unfit to drive because he was under the influence of intoxicating liquor.

*Anthony V. Jendrzejak,* defendant.

He and his wife were at a social gathering on the evening of April 7. He had imbibed sufficient alcohol to have been, in his own opinion, unfit to drive. For this reason his wife took the wheel for the trip home while he slept in the car. He awoke to find the car in the ditch. He quarreled with his wife, who then departed, leaving him alone standing in the roadway where Officer Ruksha found him. He was the owner of the car and had driven it to the social gathering.

*Susan Jendrzejak,* for the defense.

She was defendant's wife. She corroborated her husband's testimony, adding that she swerved the car into the ditch to avoid hitting what she believed was an animal on the road. After quarreling with defendant, she left him and the car in the ditch and went home (some 19 blocks away).

OPINION

(1) Initially, defendant contends that the trial he received was unfair. His only argument in this regard is that his statement that he was the owner and driver of the automobile was erroneously admitted into evidence in violation of his Fifth Amendment rights, as enunciated in Miranda v. Arizona, 384 US 436.

██ ██ However, the uncontroverted testimony of Officer Ruksha shows that the statement (which defendant does not deny making) was made before defendant was either restrained or arrested. Further, the record does not indicate that the statement was made in response to a specific inquiry. On the contrary, it appears defendant volunteered the statement during a period of general on-the-scene questioning. "Any statement given freely and voluntarily without any compelling influences is, of

316

course, admissible in evidence." Miranda v. Arizona, supra, at 478. In our opinion, the evidence demonstrates that the admission was obtained in such a manner as to render it competent.

(2) Secondly, defendant contends that the State failed to meet its burden of proving beyond a reasonable doubt both the corpus delicti and the guilt of defendant. See People v. Miller, 23 Ill App2d 352, 356, 163 NE2d 206. He argues that since both his and his wife's testimony was to the effect that he hadn't driven the car on the night in question and that the only evidence that he did drive the car was his statement to Officer Ruksha, the proof does not support the conviction.

■ ■ Defendant cites People v. Skelly, 409 Ill 613, 100 NE2d 915, for the proposition that the positive testimony of a witness, uncontradicted and unimpeached, either by other positive testimony or by circumstantial evidence, intrinsic or extrinsic, cannot be disregarded but must control the decision, unless it is inherently improbable. See People v. Miller, supra, at 358. Though we find no fault with this proposition, it is not applicable to the instant facts. The testimony of defendant and his wife must first be considered in the light of their interest in the outcome of the case, and we note here that the trial judge made an express finding that he did not believe either of them. Then, too, their testimony is contradicted by Ruksha's testimony of defendant's admission, which defendant did not deny having made. Further, it is inherently improbable that a husband, whose wife had just driven his car into a ditch and left him there with the car at about 2:00 a. m., would not have mentioned the incident to an investigating officer, either at the scene or in the lengthy conversations which ensued at the police station. Cf. Carroll v. Krause, 295 Ill App 552, 15 NE2d 323. Under all the circumstances of this case, it was not error for the trial judge

to disbelieve and totally disregard the testimony of defendant and his wife. People v. Schehr, 88 Ill App2d 287, 292–293, 232 NE2d 566. The trial judge and not the reviewing court has the opportunity to observe the witnesses and is, therefore, in a superior position to evaluate credibility.

■ Still, defendant argues that even if the defense testimony is disregarded, the corpus delicti has not been established, since the only evidence that he drove the car is the policeman's testimony concerning defendant's own statement or admission. Not so, for in People v. Nachowicz, 340 Ill 480, 495, 172 NE 812, the court said:

> While it has been held that a defendant's confession, when the corpus delicti is not otherwise proved, is insufficient for a conviction, this does not mean that the corpus delicti must be proved by the evidence, aside from the confession, beyond a reasonable doubt. On the contrary, it was early held that it is the mere naked confession, uncorroborated by any circumstance inspiring belief in its truth arising out of the conduct of the accused or otherwise, which is held insufficient to convict, and the corroborating fact or facts in proof need not necessarily, independent of the confession, tend to prove the corpus delicti. (Citation.) Direct and positive evidence is unnecessary to prove the corpus delicti, (citation) and it is not essential that it should be established by evidence independent of that which tends to connect the accused with its perpetration.

Thus, the evidence corroborating a confession or admission need only consist of facts or circumstances tending to confirm and strengthen it. People v. Lueder, 3 Ill2d 487, 489, 121 NE2d 743.

■ Without regard to the evidence of defendant's statement, the facts and circumstances in evidence tended to prove—although, let us say, not beyond a reason-

318

able doubt—that defendant drove the car. The car had recently been driven into the ditch and the owner was present. In a civil case, where the quantum of proof is the preponderance of the evidence, a motor vehicle is presumed to have been driven by its owner. E. g., Robinson v. Workman, 9 Ill2d 420, 137 NE2d 804; Sutherland v. Guccione, 8 Ill App2d 201, 131 NE2d 130. This presumption is founded in large part on the high probability that the underlying inference is correct. By analogy, the facts and circumstances presented by the case on appeal are sufficiently persuasive to support the inference that defendant was the driver of the car. Thus, there is evidence which tends to strengthen and confirm the admission.

█ Therefore, the determinative question remains whether the whole of the evidence proves defendant's guilt beyond a reasonable doubt. We believe that it does.

People v. Garnier, 20 Ill App2d 492, 156 NE2d 613, is sufficient authority to control the decision in this appeal. Garnier's drunken driving conviction was affirmed by this court. The only evidence that he had driven the car while intoxicated was that he was sitting in the car which was illegally parked some 40 blocks from the place where he had been imbibing. There was no evidence that he had been seen driving the car. Judge Lewe, speaking for the court, found the inference that he had driven the car from the place where he had been drinking to the place where it was illegally parked, was sufficiently strong to establish guilt beyond a reasonable doubt, citing People v. Falkenberg, 5 Ill App2d 578, 126 NE2d 408. Judge Kiley dissented, taking the position that the inference was not so persuasive as to meet the burden of proof. Judge Kiley distinguished Garnier from Falkenberg by reference to the fact that Falkenberg admitted he had "just hit a car." This admission, which is a parallel to the case now before us, renders both the major-

ity and dissenting opinions in Garnier highly persuasive of affirmance here.

DECISION

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER, J., concurs.

McCORMICK, P. J., dissenting.

I am unable to agree with the majority opinion. This is a criminal case and in my opinion the State did not meet its burden of proving beyond a reasonable doubt both the corpus delicti and the guilt of the defendant.

At this time it is necessary to observe that the only transcript presented in the case before us is the trial judge's summary of the evidence, after having had summaries presented to him by the State and the defendant.

In People v. Lueder, 3 Ill2d 487, 121 NE2d 743, the court discussed the question and quoted from People v. Nachowicz, 340 Ill 480, 495, 172 NE 812, where it was held that when a defendant's confession is insufficient for a conviction where the corpus delicti is not otherwise proved, it does not mean that the corpus delicti must be proved by the evidence, aside from the confession, beyond a reasonable doubt. The court in Lueder said at page 488:

> "The crime being clearly shown, independently of admissions or confessions, to have been committed by some person, the admissions or confessions freely or voluntarily made may be considered in connection with the other evidence to establish the corpus delicti, and it is sufficient if evidence of other facts and circumstances so fully corroborates the confession as to show the commission of the offense beyond a reasonable doubt. [Citing cases.]"

In the majority opinion substantial reliance is placed upon the statement appearing in the record that when a police officer arrived and found the car in question in a ditch along the boulevard, and the defendant standing in the roadway, he "investigated to determine how the car got in the ditch and who owned it. Defendant stated that he was the owner and driver. . . ." The officer then arrested the defendant. There is no question that the defendant was intoxicated at the time.

On the trial of the case the defendant testified that he and his wife were at a social gathering on the evening in question and that he had drunk sufficient alcohol to make him, in his opinion, unfit to drive. His wife then drove the car while he slept, and he was awakened by the car going into the ditch. He and his wife then quarreled and she left him standing in the roadway where the police found him. Defendant's wife corroborated his testimony, and stated that she swerved the car into the ditch to avoid hitting what she thought was an animal on the road; that she quarreled with her husband and went home, leaving him there with the car.

The testimony before the court is that there was an automobile in the ditch. There is no evidence on the part of the State as to who was driving the car at the time it ran into the ditch, except the admission made by the defendant. It is worthy of note that in that admission the defendant does not admit he was driving the car at the time it went into the ditch, or even on the day in question. According to the court's summary he simply said he was "the owner and driver of the car."

In the majority opinion the court refers to People v. Skelly, 409 Ill 613, 100 NE2d 915, in which case the court stated at page 616 that the abstract rule of law is

". . . that the positive testimony of a witness, uncontradicted and unimpeached, either by positive testimony or by circumstantial evidence, intrinsic or

extrinsic, cannot be disregarded but must control the decision of the court and jury, unless there is such an inherent improbability in the statements of the witness as to induce the court or jury to disregard his evidence even in the absence of any direct conflicting testimony. Neither court nor jury can wilfully and capriciously disregard such testimony. (Larson v. Glos, 235 Ill 584.) It therefore becomes necessary for the court to consider all the competent evidence, direct and circumstantial, . . ."

The majority opinion does not disagree with that rule. It further mentions People v. Miller, 23 Ill App2d 352, 163 NE2d 206, where the court has cited People v. Skelly, supra. In Miller the court reversed the judgment on the basis that there was corroborative testimony of the defendant which was not contradicted and that there was nothing in the record which would indicate that the testimony was inherently improbable.

In People v. Dougard, 16 Ill2d 603, 158 NE2d 596, the court said at page 607:

"While circumstantial evidence is legal evidence, yet to warrant a conviction on such evidence the facts proved must so thoroughly establish the guilt of the person accused as to exclude every reasonable hypothesis of his innocence. Although this court is committed to the doctrine that the jurors are the judges of the weight of the evidence in criminal cases, yet we will not hesitate to reverse a judgment of conviction resting upon circumstantial evidence that raises little more than a suspicion against the accused, and leaves a grave and serious doubt of his guilt. People v. Burgard, 377 Ill 322; People v. Christocakos, 357 Ill 599."

In People v. Barnes, 34 Ill App2d 238, 180 NE2d 509 (Abst.), the defendant had consumed a considerable

amount of whisky and got into a car with his secretary, a Mrs. Hogan. She testified that she was driving the car when it skidded on a wet street and hit a telephone pole, and that traffic police arrived soon afterwards. The defendant, Barnes, also testified that Mrs. Hogan was driving when the car stopped after hitting the pole, and that Barnes moved into the driver's seat to try to straighten the wheel. Mrs. Hogan also testified to his moving into the driver's seat for that purpose. The police officers stated that their testimony that the defendant was driving was based on the fact that he was sitting behind the wheel when they arrived, and that no explanation was given to them at that time for the defendant's presence behind the wheel.

The court then discussed the second element of the corpus delicti—that the defendant was driving—and stated that the observation of the defendant in the act of driving is not an indispensable prerequisite for conviction, provided that the act of driving while under the influence of intoxicating liquor is established by other credible and substantial evidence, either direct or circumstantial. The court further said the defendant's driving must be grounded on certain circumstance that he was behind the wheel when the officers arrived, and stated:

> "Circumstantial evidence is legal evidence, 'yet to warrant a conviction on such evidence the facts proved must so thoroughly establish the guilt of the person accused as to exclude every reasonable hypothesis of his innocence.' People v. Richardson, 21 Ill2d 435 at 438, . . .
>
> "In this state of the record, 'it is the duty of this court to resolve all facts and circumstances in evidence on the theory of innocence rather than guilt if that reasonably may be done, and where the entire record leaves us, as this one does, with grave and substantial doubt of the guilt of the defendant,

we will not hesitate to reverse the judgment.' People v. Dougard, 16 Ill2d 603 at 607, . . ."

The court reversed the judgment.

In the majority opinion it is argued that it is inherently improbable that a husband whose wife had just driven his car into a ditch and left him there at 2:00 a. m. would not have mentioned the incident to an investigating officer, either at the scene or in conversations at the police station. However, it must be noted that the testimony of the officer was that the defendant was intoxicated; that his attitude was "talkative, insulting and cocky; unusual actions consisted of defendant laughing; his speech was mumbled and mush-mouthed; . . ." and that he laughed at questions which were asked of him and made insulting remarks to the arresting officers. This apparently was the observation of the police officer when he made the arrest and when he later took the defendant to the police station. To hold that it is inherently improbable that a man in the condition of the defendant would fail to mention the fact that his wife had driven the car is going quite far.

In support of this contention the majority opinion cites Carroll v. Krause, 295 Ill App 552, 15 NE2d 323, which case is not controlling since it was a question of a decision being made by the court as to conflicting evidence.

The majority opinion also points out that the rule in a civil case is that a motor vehicle is presumed to have been driven by its owner, and in support cites two civil cases. I have not found a criminal case where that rule is applied and do not believe it should be applied in anything but civil cases.

The opinion relies upon People v. Garnier, 20 Ill App2d 492, 156 NE2d 613, in which case the court affirmed the conviction of defendant for driving a motor vehicle while under the influence of intoxicating liquor. The defendant in that case was arrested for illegal parking and was taken to the police station where he was found

to be intoxicated. He testified that he had been drinking for about eight hours and felt capable of driving the car; he did not explain how his car got from the place where he had been drinking to the place where it was found by the police. The defendant never denied driving. Mr. Justice Kiley wrote a dissenting opinion in that case in which he distinguished People v. Falkenberg, 5 Ill App2d 578, 126 NE2d 408, upon which case the Garnier majority opinion relied, inasmuch as in Falkenberg there was an admission by the defendant that he had just hit a car.

At the time the instant case went to trial the only proof of corpus delicti was that the defendant, in an intoxicated condition, was found in the vicinity of the wrecked car, plus his statement that he was the "owner and driver" of the car. With reference to the confession or admission the court should have taken into consideration the fact of his intoxicated condition at the time the statement was made. Without the statement there would be no evidence whatsoever to convict the defendant. The only thing proved was that a car was in a ditch and that the defendant, in an intoxicated condition, was found in the vicinity of the car.

In People v. Lueder, supra, the court said at page 489:

"When the prosecution rested its case against plaintiff in error in this proceeding, the only evidence independent of the confession was the testimony of Thomas that a cemetery building had been gutted by fire and that plaintiff in error was a cemetery employee at the time. Inasmuch as the corpus delicti consists of two elements: (1) That a certain result occurred, in this case the burning of a building; and (2) that some person is criminally responsible for the act, (Carlton v. People, 150 Ill 181; 14 Am Jur, Criminal Law, sec 6,) it may be seen that the independent evidence tends to establish only that a

building burned. There is nothing, save the confession alone, which suggests or tends to corroborate the element that some person wilfully fired the building. Therefore, in the absence of any evidence independent of the confession clearly showing a crime to have been committed by some person and in the further absence of evidence of other facts or circumstances so fully corroborating the confession as to show the commission of the offense beyond a reasonable doubt, the rule that the corpus delicti cannot be proved by the confession of a defendant alone must be applied."

In the case before us, without the confession, the only evidence of the corpus delicti is the fact that a car was found in the ditch. Outside of the admission or confession of the defendant, there is no evidence at all that at the time the car went into the ditch it was driven by an intoxicated person.

The judgment of the Circuit Court should be reversed.