**People of the State of Illinois, Plaintiff-Appellee, v. Will Ammons, Jr., Defendant-Appellant.**

**Gen. No. 52,808.**

First District, Fourth Division.

December 18, 1968.

McCoy, Ming & Black, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

CHARGES

(1) Driving while under the influence of intoxicating liquor. Ill Rev Stats (1965), c 95½, § 144.

(2) Failure to have driver's license in possession when operating a motor vehicle. Ill Rev Stats (1965), c 95½, § 6–118.

DEFENSE AT TRIAL

Defendant was not driving the car at the time in question.

JUDGMENT

After a bench trial, defendant was found guilty of both offenses, and was sentenced to 60 days in jail on the first charge, and fined $25 and costs on the second charge.

CONTENTIONS ON APPEAL

(1) Defendant was not driving.

(2) Defendant was not under the influence of intoxicating liquor.

EVIDENCE

The State's case was presented through the testimony of only one witness, the arresting police officer, Joseph Dier.

On March 26, 1967, at 3:15 p. m., Dier was driving his patrol car north on California Avenue at Adams Street when he saw a car "a block and a half" ahead veer to the extreme left lane of the street for about 55 feet while passing a car which was parking. He engaged his blue light and gave chase. He could see that there were two male negroes in the front seat of the car, but beyond that he could not identify either of the men, or the clothing they were wearing, because he was too far away. The car passed the first intersection on the green light, and then made a left turn into the alley beyond. The witness followed, and when he arrived at

the alley he saw the car parked there with apparently no one in it, and the motor running. Upon opening the door of the car, he saw defendant "prostrate on the floor" of the front seat, with his body on the passenger side and his head toward the driver's side. Nobody else was there.

Upon request, defendant got out of the car, and the witness detected the odor of alcohol. Defendant appeared very sleepy, and did not answer questions as to whether or not he had been driving. He was then taken to the police station where, according to the officer, he failed to pass various inebriation tests. The car was registered in the name of defendant's wife. The police officer had not known that the defendant suffered a speech impediment from birth. Defendant did not produce a driver's license.

When the trial court overruled defendant's motion for a finding at the close of the State's case, defendant and another witness named Wright gave consistent testimony that Wright had been driving the car at the time; that they had stopped in the alley behind the home of Wright's mother; that Wright had gone into the house, leaving defendant sitting on the passenger side of the front seat. Defendant testified that he was still sitting there when the police arrived; he denied having been on the floor of the car; denied having driven the car that day; and claimed to have passed the sobriety tests at the police station.

OPINION

The State's brief contends that a judgment will be left undisturbed unless it is clearly erroneous on the evidence (People v. Buzinski, 64 Ill App2d 194, 212 NE2d 270) ; that the act of driving may be established by circumstantial evidence (People v. Garnier, 20 Ill App2d 492, 156 NE2d 613) ; that the court must consider logical inferences from the evidence presented (People v.

444

Haehnel, 78 Ill App2d 71, 223 NE2d 464) ; and that the credibility of the witnesses is a matter for the trier of fact (People v. Neukom, 16 Ill2d 340, 158 NE2d 53). We need not dispute any of these principles in concluding that they cannot afford any assistance to the State's case in the appeal now before us.

The sine qua non for a conviction on either charge is proof beyond a reasonable doubt that defendant had been driving the car at the time in question. The evidence failed utterly to establish this fact, so both convictions must be reversed without consideration of the intoxication evidence.

DECISION

The judgments of the Circuit Court are reversed.

Reversed.

DRUCKER, P. J. and McNAMARA, J., concur.