*In re* SANFORD ANDERSON, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SANFORD ANDERSON, a Minor, Defendant-Appellant.)

(No. 59381; )

First District (4th Division)—December 11, 1974.

James J. Doherty, Public Defender, of Chicago (Thomas Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Jerome Charles Randolph, and Thomas D. Rafter, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

A petition for adjudication of wardship of a juvenile was filed in the Circuit Court of Cook County, charging William Petrosaitis and Sanford Anderson, both aged 16, with the offense of attempted arson. At a bench trial on June 15, 1973, the court found them delinquent. On November 11, 1973, William Petrosaitis completed probation, and a motion to vacate the finding of delinquency was sustained and his appeal became moot.

The sole issue on this appeal is whether the defendant Sanford Anderson, was proven guilty beyond a reasonable doubt.

Officer Thomas Rennie of the Chicago Police Department testified he and his partner were driving in a marked police car past the Piser Memorial Chapel parking lot at 5206 North Broadway at about 9:30 P.M. on January 11, 1973. He observed Sanford Anderson bending down by the rear of a vehicle, fumbling with some objects while the license plate was bent down. Rennie also saw William Petrosaitis standing about 5 feet away with what appeared to be a gas cap in his hand. The area was well lit with street lights and the light from a neon sign.

The officers drove around the corner and came through the alley into the lot where the vehicle was parked. Officer Rennie observed the two boys walk away from the car and head south on Broadway. When they were stopped they denied having been around the vehicle. The officers returned to the car, looked beneath the rear license plate and found the gas cap was missing. Both boys denied knowledge of its whereabouts. After a search it was discovered about 15 feet away from the vehicle.

The officer conducted a protective search on the respondents, and Sanford Anderson was found to have a can of lighter fluid containing 1 fluid ounce, a cigaret lighter, a nail clipper, and a length of fuse. Petrosaitis also had a length of fuse, a lighter, and a 3-inch-long model rocket engine. No gasoline was detected on the fuses and no chemical analysis was undertaken.

Margaret Ford, a social worker for the Chicago Board of Education, appeared as a character witness on behalf of both boys. She stated that both were good students behaviorally and academically.

■■ Sanford Anderson contends he was not proven guilty beyond a reasonable doubt because there was no proof of intent to commit the

136

crime of attempted arson, nor was there proof of any step towards the actual commission of the crime, as required by section 8—4 of the Illinois Criminal Code (Ill. Rev. Stat. 1973, ch. 38, § 8—4). The officer stated he saw Sanford Anderson fumbling with some materials at the rear of the car, and the protective search disclosed materials which could have been used as incendiary devices. However, the link between the materials and the alleged crime was not proved. No inference of guilt can attach to the confiscated items because they could all be explained on a theory of innocence, that of launching a model rocket. The suspicion of guilt is insufficient, and it is the duty of the court to resolve all facts and circumstances on the theory of innocence rather than guilt if it can be reasonably done. *People v. Dougard* (1959), 16 Ill.2d 603.

While we do not presume the activities of the boys at the rear of the car were consistent with good citizenship, we hold the crime of attempted arson was not proven beyond a reasonable doubt. For these reasons the judgment of the Circuit Court of Cook County is reversed.

Reversed.

BURMAN and JOHNSON, JJ., concur.