THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Plaintiffs-Appellees, *v.* GEORGE W. JOHNSON, Defendant-Appellant.

First District (4th Division)   No. 62840

Opinion filed July 28, 1976.

James J. Doherty, Public Defender, of Chicago (David Hirschboeck, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Eugene J. Rudnik, Jr., and Donna J. Ramey, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, George W. Johnson, was charged with driving a vehicle while under the influence of intoxicating liquors and obstructing traffic. After a bench trial in the Circuit Court of Cook County he was found guilty on both charges and fined $100 for driving under the influence, $20 for obstructing traffic and assessed costs of $5 on each charge.

The issue on appeal is whether the State proved beyond a reasonable doubt the defendant drove a motor vehicle and was intoxicated.

The defendant was found at 4:45 p.m. on September 3, 1974, asleep behind the wheel of his car, which was in the southbound lane in the 1200 block of the Dan Ryan Expressway. The engine of the car was running and traffic was forced to go around the car.

When Officer Alvin Rhodes of the Chicago Police Department woke him he smelled alcohol on the defendant's breath and observed his eyes were bloodshot and his balance was wobbly. In response to questioning the defendant stated he had been driving the car and had consumed two cans of beer. He said he had pins in his leg as a result of a multiple fracture and had taken both pain pills and nerve pills at 7 a.m. that morning. In addition he was taking insulin.

Upon arriving at the district station, Officer Rhodes administered sobriety tests. The results were as follows: balance test, wobbly; walking test, swaying; turning test, hesitant; finger to the nose test, right hand hesitant—left hand completely missed; coin pick-up test, sure; speech test, fair; handwriting test, signed his name.

At trial the defendant admitted the car was his but denied driving it or consuming the beer. Clarence Gates testified he had driven the car to the Dan Ryan Expressway from 66th and Marquette streets, but the traffic was making him late for work, so he left the car.

■■ The law in Illinois is well established that a defendant need not be observed in the act of driving or the vehicle be moving where these elements of the offense can be proved by circumstantial evidence and there is a reasonable and moral certainty the accused committed the crime. *People v. Mundorf* (1968), 97 Ill. App. 2d 130; *People v. Schulewitz* (1967), 87 Ill. App. 2d 331; *People v. Garnier* (1959), 20 Ill. App. 2d 492.

■■ In this case the defendant was found asleep behind the wheel of his own car with the motor running. The arresting officer testified he smelled alcohol on the defendant's breath, observed that his eyes were bloodshot, and administered tests which indicated intoxication. Under these circumstances we agree with the trial court the elements of the offense were proved beyond a reasonable doubt.

Although Clarence Gates testified he was the driver of the car, it is within the province of the trier of fact to assess the credibility of witnesses. It must be noted that Gates testified he drove the car from 66th

and Marquette to the Dan Ryan Expressway, a trip requiring a northerly direction. However, the car was in the southbound lanes of the expressway when the defendant was arrested. The question of the witnesses' credibility is for the trial judge to decide.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and BURMAN, J., concur.