THE CITY OF MARQUETTE HEIGHTS, Plaintiff-Appellee, *v.* JOHN R. CLARKSON, Defendant-Appellant.

Third District    No. 77-548

Opinion filed September 20, 1978.

John F. Boos, of O'Hern, Wombacher, Moon & Boos, of Peoria, for appellant.

John M. Ritchie, of Pekin, for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:
The defendant, John R. Clarkson, was convicted of driving while intoxicated in violation of an ordinance of the City of Marquette Heights following a jury trial in the Circuit Court of Tazewell County. He was sentenced to pay a fine of $350 and timely appealed his conviction.

In the trial court the defendant represented himself pro se and he has now retained private appellate counsel. On appeal counsel has phrased the one issue presented as follows: Whether the People established sufficient evidence to prove the defendant drove or was in actual physical control of a vehicle.

John R. Clarkson was arrested on June 26, 1977, in the City of Marquette Heights at approximately 10 a.m. In response to a call, from the occupant of 134 Cahokia Street, of a car accident, Chief of Police James F. Steele proceeded to the 134 Cahokia Street location where he observed a 1964 Chevrolet that was situated against a bush next to the yard of that address. The defendant was summoned from the back seat of the automobile where he had apparently been sleeping. Chief Steele testified that the defendant smelled of alcohol, was wobbly, unsure of himself, and uncertain of his location. Defendant allegedly commented to Chief Steele that he had played a baseball game the evening before and had driven his friend home because the friend was in no condition to drive. Defendant failed several field sobriety tests and was unable to touch his nose with his eyes closed at the police station. Testimony was also given that while at the station defendant also stated to the police that he did not know why the police were going to write him a ticket because he was unable to drive, and was trying to park the automobile he was in, that he was sorry he had parked it in somebody's front yard, but all he was doing was trying to avoid an accident.

Defendant's theory at both the trial and on appeal, was that he was not driving and had not driven the car to the scene, but it was driven by his friend Buddy Downey who left after the car was parked in the yard. Buddy Downey testified for the defense and corroborrated the defendant to the extent that he and not defendant had driven the car to Marquette Heights. The testimony of the defendant and Downey was conflicting as to how the car actually became parked in the front yard at the 134 Cahokia address. Defendant maintained that they were looking for his friend's house to return the car he had borrowed. After driving around the neighborhood, he stated that he grabbed the steering wheel from Downey and turned the car into the yard which subsequently came to rest where the police found it, believing it was the house of the friend who had loaned him the car. In contradiction Buddy Downey testified that the car he was driving for the defendant had no brakes and it was for this reason that he drove the car into the yard and crashed into the bushes after which he left with his brother who had followed them in another car. Finally the evidence offered was Chief of Police Steele testifying without objection, both on redirect and re-cross-examination, that the woman who lived at the 134 Cahokia Street address and who had called the police stated that the man in the car which had driven through her yard had jumped over

from the front seat behind the steering wheel into the back seat of the car.

■■ Defendant does not contest and actually concedes that he was intoxicated. He argues most strenuously that the prosecution failed to prove that he had driven the car or was in actual physical control of it while so intoxicated. Because this case involves the violation of a municipal ordinance the requisite standard of proof necessary to convict is only proof by a preponderance of the evidence rather than the usual proof of beyond a reasonable doubt in the case of a violation of the Criminal Code. Under the authority of *People v. Garnier* (1959), 20 Ill. App. 2d 492, 156 N.E.2d 613, it was not necessary for the police to actually observe the accused driving the vehicle, but proof of that element can be established by circumstantial evidence alone. In later cases convictions for driving while intoxicated have been affirmed where the accused was proved to be driving or in control of the vehicle only by circumstantial evidence. *People v. Williams* (3d Dist. 1976), 44 Ill. App. 3d 845, 358 N.E.2d 1324; *People v. Johnson* (4th Dist. 1976), 40 Ill. App. 3d 982, 353 N.E.2d 130; *People v. Toler* (5th Dist. 1975), 32 Ill. App. 3d 793, 336 N.E.2d 270; and *People v. Jendrzejak* (1st Dist. 1968), 98 Ill. App. 2d 313, 240 N.E.2d 239.

■■ The circumstantial evidence in the present case consisted of defendant's presence in the back seat of the unattended automobile alone, and there was an admission of defendant to the police twice that he had driven the automobile. The *Jendrzejak* case is factually similar to the present case. There the accused was found alone beside his automobile which was in the ditch. Jendrzejak admitted to driving his vehicle, but later, like the defendant here, denied driving the car and argued that someone else had driven it there. The conviction for driving while intoxicated was affirmed in that case. It has also been held that defendant's admission of the crime, though insufficient to prove guilt by itself, need only be corroborated by some other evidence which tends to support the admission of the offense charged. (*People v. Lueder* (1954), 3 Ill. 2d 487, 121 N.E.2d 743.) As indicated heretofore, defendant Clarkson admitted on two occasions to the police that he was driving. His trial testimony, although contradicting his earlier admission, was itself contradictory in significant detail from that of his friend Buddy Downey who testified to driving the car. Additionally testimony by the prosecution's chief witness, without objection, indicated that defendant was observed climbing over from behind the steering wheel in the front seat into the back seat of the car. These facts are sufficient corroboration for defendant's admission to driving the car.

We are aware of two cases which at first glance lend some support to defendant's theory on appeal. We find both cases to be distinguishable. In *People v. Ammons* (1968), 103 Ill. App. 2d 441, 243 N.E.2d 709, a

conviction for driving while intoxicated was reversed because the State's evidence utterly failed to establish that the accused was driving the automobile at the time in question. In another similar case, *People v. Jefferson* (1971), 1 Ill. App. 3d 484, 274 N.E.2d 176, the accused made an admission which was at most equivocal unlike the facts of the case at bar or the case of *People v. Jendrzejak* (1st Dist. 1968), 98 Ill. App. 2d 313, 240 N.E.2d 239.

Defendant's further reliance on the case of *People v. Flores* (1st Dist. 1976), 41 Ill. App. 3d 96, 353 N.E.2d 131, is misplaced. That case involved an issue of the accused's intoxication wherein the accused allegedly admitted that he was driving the car but contradicted proof of his intoxication.

For the reasons stated the judgment of conviction of the Circuit Court of Tazewell County is affirmed.

Affirmed.

STENGEL and SCOTT, JJ., concur.