THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSE FLORES, Defendant-Appellant.

First District (3rd Division)   No. 60955

Opinion filed August 5, 1976.

Ronald Goldberg, of Chicago (Judah Maltz, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Myra Brown, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendant, Jose Flores, was arrested for driving while under the influence of intoxicating liquor and was taken to the police station where he refused to submit to a breath analysis. After a bench trial he was found guilty of the criminal charge of driving while under the influence of intoxicating liquor under section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501), for which offense his driver's license was revoked for a period of one year and he was fined $100 plus costs. At the same bench trial an implied consent hearing was held, and the trial court, finding that defendant's refusal to submit to a breath analysis was in violation of section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1), suspended defendant's driving privileges for a period of three months. Defendant appeals from both judgments.

At trial, Officer Steppen testified for the State as follows. On the evening of February 19, 1974, at 8:05, he received a radio call of an accident at 1621 North Western Avenue. When he arrived there he saw an automobile without occupants with its "rear end to the sidewalk." While he was preparing an accident report at approximately 8:30 p.m., he saw defendant walking toward the car, staggering and swaying down the street. Although he had not seen defendant drive the car he asked him if it was his, and he said it was. The officer detected the odor of alcohol on defendant's breath and when he asked if he had been drinking after the accident defendant said he had not. Testifying from independent

recollection, Officer Steppen at first said the odor of alcohol on defendant's breath was "extreme" and later said it was "moderate." After refreshing his memory from his field report prepared at the time of the incident, Officer Steppen stated that the odor of alcohol about defendant was strong, that his coloring appeared normal, that his attitude was confused, that he was stumbling and crying and that his eyes were bloodshot and dilated. He then placed defendant under arrest, gave him a copy of his *Miranda* rights in both English and Spanish, and read the rights to him. He then asked defendant if he had driven the car and had an accident and defendant answered yes to both questions. The officer further testified that he informed defendant of his rights under the Illinois implied consent law by giving him a copy in Spanish and by reading the rights aloud in English. Defendant was then taken to the police station, where he was again advised of his rights and was asked to take the breath test, which he refused. Officer Steppen testified that he has been a Chicago police officer for 14 years and has seen approximately 100 persons under the influence of intoxicating liquor. On cross-examination he stated that he did not note on his records at the time of arrest whether defendant told him he had been drinking before or after the accident. He did, however, have independent recollection that defendant told him he had nothing to drink after the accident.

Defendant testified that on the night in question he drove from his home to a birthday party at 1621 North Western Avenue. When he arrived there at about 7 o'clock and attempted to park his car, his foot slipped and he hit another car, causing about $20 worth of damage. The owner of the other car was present and defendant gave him $10 and made arrangements to pay the rest later. He went on to the party, where he drank tequila. He left the party at about 7:30 to get cigarettes out of his car, and when he arrived there Officer Steppen called him over and arrested him for driving while under the influence of intoxicating liquor. He was later asked to take a breath test, but refused to do so because he did not drive his car when he had been drinking. He further testified that the officer never asked him if he had been drinking after the accident.

Margarita Vega testified for the defense that on the night of the incident she had a party at her home; that defendant came there about 7 o'clock, drank some tequila and left at about 8 p.m.

### I.

■■ Preliminarily, we note that the criminal charge of driving while under the influence of intoxicating liquor and the civil implied consent proceedings were tried at the same bench trial. Both sections 11—501 and 11—501.1 of the Illinois Vehicle Code provide that evidence of a refusal to submit to a breath analysis is inadmissible in a criminal action under

section 11—501 of the Code. (Ill. Rev. Stat. 1973, ch. 95½, pars. 11—501(h) and 11—501.1(c).) Moreover, we have held that it is reversible error for a trial court to consider evidence of a defendant's refusal to take the breath test in finding him guilty of driving while under the influence of intoxicating liquor. (*People v. Mankowski* (1975), 28 Ill. App. 3d 641, 329 N.E.2d 266.) Unlike *Mankowski*, however, in the instant case both parties expressly stipulated that both the civil and criminal matters should be heard together. Under these circumstances we conclude that it was not reversible error for the trial court to consider both matters at the same trial.

## II.

Defendant appeals from the trial court's finding that his refusal to submit to a breath analysis was in violation of section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1). He contends that the arresting officer lacked probable cause to arrest him for driving while under the influence of intoxicating liquor; therefore, he could not be required to submit to a breath analysis. Section 11—501.1 provides in part:

> (a) "Any person who * * * drives a motor vehicle anywhere within this State thereby consents * * * to take and complete a test or chemical analysis of his breath to determine the alcoholic content of his blood when made as an incident to and following his lawful arrest, evidenced by the issuance of a Uniform Traffic Ticket, for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal ordinance." (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1.)

One of the issues to be determined at a hearing on the refusal to submit to a breath analysis is "whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of intoxicating liquor." Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(d).

The rule is well established that a police officer may arrest a person without a warrant when he has reasonable grounds to believe the person has committed an offense. (*People v. Wright* (1969), 42 Ill. 2d 457, 248 N.E.2d 78; *People v. Colbert* (1973), 10 Ill. App. 3d 758, 295 N.E.2d 225.) The test of probable cause is whether a reasonable and prudent person in possession of the knowledge which has come to the arresting officer's attention would believe that a crime has been committed and that the person to be arrested is guilty of the crime. (*People v. Harper*, (1973), 16 Ill. App. 3d 252, 305 N.E.2d 680.) Probable cause to make an arrest can be something less than the evidence needed to sustain a conviction. (*People v. Novak* (1965), 33 Ill. 2d 343, 211 N.E.2d 235, *cert. denied* (1966), 384 U.S. 1016, 16 L. Ed. 2d 1037, 86 S. Ct. 1980.) The existence of probable cause which would justify an arrest without a warrant depends upon the

actual and practical considerations of everyday life upon which reasonable and prudent persons, not legal technicians, must act. *People v. Clay* (1973), 55 Ill. 2d 501, 304 N.E.2d 280; *People v. Colbert.*

■■ In the instant case, defendant argues that Officer Steppen lacked probable cause to place him under arrest since the officer did not at any time see him driving the car. Officer Steppen testified that as he was preparing a report at the scene of the accident he saw defendant crying and staggering down the street, and that the odor of alcohol about him was strong. The officer further testified that when he asked defendant if the car was his he replied that it was, and that when he asked defendant if he drank after the accident, defendant said he had not. Defendant was then arrested and given his *Miranda* rights as well as his rights under the implied consent law. The officer testified that he asked defendant if he had driven the car and been in an accident and he had answered yes to both questions. Officer Steppen testified that in his 14 years as a police officer he has seen 100 persons under the influence of intoxicating liquor, and based on his experience he believed defendant to be under the influence of intoxicating liquor. Considering all the facts known to Officer Steppen at that time, we find that he had probable cause to arrest defendant.

## III.

■■ On appeal from the judgment of conviction for driving while under the influence of intoxicating liquor, defendant contends that the State has failed to prove the *corpus delicti* of the offense beyond a reasonable doubt. In a criminal case the State has the burden of proving beyond a reasonable doubt both the *corpus delicti* and the guilt of the defendant. (*People v. Miller* (1959), 23 Ill. App. 2d 352, 163 N.E.2d 206.) In order to prove the *corpus delicti* in a case such as the one before us, it is necessary to prove not only that defendant drove the car at the time and place in question, but also that he did so while under the influence of intoxicating liquor. *People v. Williams* (1972), 3 Ill. App. 3d 1036, 279 N.E.2d 735; *People v. Miller.*

In the instant case defendant admits that he was driving the car at the time of the accident. The challenged element of the *corpus delicti*, however, is whether defendant was intoxicated at the time. The question is raised as to whether the officer's conclusion that he was, was the result of defendant's drinking before or after the accident.

In this regard we note that the only evidence tending to establish the time of the accident is defendant's testimony that it occurred as he was parking his car at 7 p.m. Officer Steppen testified that he first saw defendant at 8:30 p.m. He further testified as follows:

> "Q. Did you ask him if he had been drinking after the accident?
> A. I did.

Q. What was the answer?

A. Negative."

We note that Officer Steppen's testimony was from independent recollection of this matter, and his field report prepared at the time of the incident does not show whether defendant was asked this question at that time. Defendant, however, testified that the officer did not ask if he had been drinking after the accident. He testified that between the time of the accident and the time of arrest he had been drinking tequila at a party. In this testimony he is substantiated by Margarita Vega, who testified that he arrived at the party in her home at about 7 p.m. and drank tequila before he left.

While it is the province of the trier of fact to weigh the evidence to determine credibility and to decide whether the elements of the charge are proved, it is the duty of this court to reverse where the record reveals a reasonable doubt that defendant operated a motor vehicle while under the influence of intoxicating liquor. *People v. Sullivan* (1971), 132 Ill. App. 2d 674, 270 N.E.2d 571; *People v. Williams.*

■■ In the matter before us the only evidence that defendant did not drink after the accident is the officer's testimony concerning defendant's alleged admission. It has been held that the *corpus delicti* cannot be proved by the confession or admission of the defendant alone where there is no independent evidence corroborating it so as to show the commission of the offense beyond a reasonable doubt. (*People v. Lueder* (1954), 3 Ill. 2d 487, 121 N.E.2d 743.) In *People v. Jendrzejak* (1968), 98 Ill. App. 2d 313, 240 N.E.2d 239, sufficient independent evidence existed which tended to corroborate the defendant's admission that he was the driver of the car; thus that disputed element of the *corpus delicti* of driving while under the influence of intoxicating liquor was proved beyond a reasonable doubt. There, the court found the facts that the car had recently been driven into a ditch and that the owner was present to be sufficient evidence to corroborate the defendant's admission to an officer at the time of the incident that he was the owner and the *driver* of the car. The dissent in that case concluded that even these facts do not corroborate the defendant's admission. Here, we are concerned with the element of the *corpus delicti* that defendant was intoxicated while driving. Unlike *Jendrzejak*, without regard to defendant's alleged admission, there are no independent facts or circumstances which tend to prove this disputed element of the *corpus delicti.*

■■ The positive testimony of a witness, uncontradicted and unimpeached either by other positive testimony or by circumstantial evidence, intrinsic or extrinsic, cannot be disregarded but must control the decision, unless it is inherently improbable. (*People v. Skelly* (1951), 409 Ill. 613, 100 N.E.2d 915; *People v. Miller.*) Here, defendant's

testimony that he drank after the accident, which was substantiated by the testimony of Margarita Vega, is not contradicted by the evidence and raises a reasonable doubt that defendant was intoxicated at the time of the accident. (See *People v. Wells* (1968), 103 Ill. App. 2d 128, 243 N.E.2d 427; *People v. Miller*.) After a careful examination of all the evidence we conclude that defendant was not proved guilty beyond a reasonable doubt of driving while under the influence of intoxicating liquor.

### IV.

■■ Accordingly, the judgment of the circuit court of Cook County finding that defendant wilfully refused to take a breath analysis in violation of section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1), and ordering that his driving privileges be suspended for a period of three months, is affirmed; the judgment finding defendant guilty of driving while under the influence of intoxicating liquor is reversed.

Affirmed in part; reversed in part.

DEMPSEY and McGLOON, JJ., concur.