THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID G. CALL, Defendant-Appellant.

Fourth District No. 4—88—0293

Opinion filed December 1, 1988.—Rehearing denied January 4, 1989.

572

Carey J. Luckman, of Fellheimer, Travers & Luckman, Ltd., of Pontiac, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and J.A.C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant, David G. Call, was convicted of driving under the influence of alcohol. (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a)(1), (a)(2).) Defendant raises two issues on appeal. Initially, defendant contends that the State failed to prove the *corpus delicti* of the offense with evidence other than defendant's out-of-court statements. Secondly, defendant argues that the State's evidence did not establish he was intoxicated beyond a reasonable doubt. As to both issues, we disagree.

On December 23, 1987, at approximately 11:30 p.m., a car was found in a ditch, standing upright on its nose, between Route 66 and Interstate 55, between Odell and Cayuga. The first person who arrived at the scene was another traveler. This traveler testified that shortly after he arrived, but while he remained in his car, he observed a white male exit from the driver's side of the car in the ditch and start to advance toward him. At this point, the traveler drove away. He further testified that he was not able to get a good look at this person's face and did not recall the clothing that he wore. When this traveler returned to the scene approximately five minutes later, he found a truck at the scene and someone looking under the car. This person promptly left the scene and a State trooper then arrived.

The State trooper, Officer Michael Snyders, found the car in the ditch had mud on it and damage to both sides as well as the roof of the car. Officer Snyders immediately checked the car and found no one in or around it. He spoke with the traveler and another person at the

scene, Thomas Dunlap. Dunlap testified that he was a friend of the defendant and stopped because he recognized the car as belonging to the defendant. He further testified that he found no one in the car and then walked north and south along Route 66, calling the defendant's name. He never found or saw the defendant at the scene.

A few minutes later, another officer arrived at the scene and began searching for the driver of the car. After driving several miles north and then returning south on Interstate 55, the second officer picked up the defendant two miles north of where the car was found. At this point, it was approximately 15 minutes after the accident occurred. The officer testified that the defendant flagged down his car and told the officer he had an accident. The officer brought the defendant to the scene and turned him over to Officer Snyders.

Snyders testified that the defendant told him that he was the driver of the car; that there were no other passengers in the car; and that he was not injured. Snyders observed at that time that defendant's shoes and lower part of his pants were extremely muddy. Further, Snyders noticed immediately after meeting and talking with the defendant that his speech was slurred. The two then continued their conversation in Snyders' car. There, according to Snyders, the defendant stated his car rolled over and he left the scene to get help. In the car, Snyders detected a very strong odor of alcohol coming from defendant's breath as he spoke. Snyders then administered several field-sobriety tests, two of which, the walk and turn and the one-leg stand, defendant performed poorly on. After the tests, Snyders was of the opinion that the defendant was intoxicated and placed him under arrest. At that time, Snyders asked the defendant to take a breath test and the defendant agreed to take the test. The results of the test, conducted at the State Police Headquarters, indicated that the defendant's blood-alcohol level was .15. Defendant was charged with driving under the influence of alcohol and failing to reduce speed to avoid an accident.

At a bench trial, on March 25, 1988, the State presented four witnesses: the two officers who responded to the call concerning the accident, the traveler who first witnessed the accident, and Dunlap. All four testified as to the events of the evening of December 23. The traveler also testified that just prior to arriving at the scene, as he was driving north on Route 66, a gold-colored Lincoln passed him on the right at a high rate of speed. He also remembered almost all of the numbers in the license plate on this car. This car was the same one later found in the ditch.

At the close of the State's evidence, the defendant's counsel moved

for a directed verdict of acquittal on both charges. The court granted defendant's motion with regard to the failure to reduce speed and denied the motion as to the DUI. The defendant presented no evidence, and the court found the defendant guilty of driving under the influence of alcohol. Defendant was sentenced on April 21, 1988, to one year's probation and four months' imprisonment with good time credit.

Defendant argues that the *corpus delicti* of the cause under sections 11—501(a)(1) and (a)(2) was not proved by the State. Specifically, defendant contends that the State failed to prove the driving element of the offense with evidence independent of or corroborating defendant's statement at the scene that he was driving the car. In addition, defendant argues that the evidence at trial did not establish beyond a reasonable doubt that the defendant was intoxicated at the time of the accident. We find no merit in defendant's assertions.

Section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)) provides:

"A person shall not drive or be in actual physical control of any vehicle within this State while:

(1) [t]he alcohol concentration in such person's blood or breath is 0.10 or more based on the definition of blood and breath units in Section 11—501.2;

(2) [u]nder the influence of alcohol."

The offense concludes two elements: (1) a defendant must be driving a vehicle; and (2) the defendant must be intoxicated while driving. Commonly referred to as the *corpus delicti* of the offense, the State must prove both in order to get a conviction. (*People v. Flores* (1976), 41 Ill. App. 3d 96, 353 N.E.2d 131; *People v. Toler* (1975), 32 Ill. App. 3d 793, 336 N.E.2d 270; *People v. Williams* (1972), 3 Ill. App. 3d 1036, 279 N.E.2d 735; *People v. Jefferson* (1971), 1 Ill. App. 3d 484, 275 N.E.2d 176.) The *corpus delicti* cannot be proved by the confession or admission of the defendant alone. (*People v. Lambert* (1984), 104 Ill. 2d 375, 472 N.E.2d 427; *People v. Willingham* (1982), 89 Ill. 2d 352, 432 N.E.2d 861; *People v. Lueder* (1954), 3 Ill. 2d 487, 121 N.E.2d 743.) There must be some independent or corroborating evidence outside the confession which tends to establish that a crime occurred. If such evidence tends to prove that the offense occurred and corroborates a defendant's confession, it may be considered, together with the confession, to establish the *corpus delicti* of the offense. *Lambert*, 104 Ill. 2d at 379, 472 N.E.2d at 429.

As noted by the supreme court in *Willingham*:

"The corroboration requirement stems from an attempt to assure the truthfulness of the confession and recognizes that the

reliability of a confession 'may be suspect if it is extracted from one who is under the pressure of a police investigation—whose words may reflect the strain and confusion attending his predicament rather than a clear reflection of his past. [Citations.]' " *Willingham,* 89 Ill. 2d at 359, 432 N.E.2d at 864.

The defendant argues that evidence of a confession or admission of the defendant cannot be admitted into evidence until after evidence has been submitted which is sufficient to show, independent of the confession, that the offense did occur. This is not the law in Illinois, and *Willingham* states:

> "[I]f there is corroborating evidence that tends to confirm the circumstances related in the confession, both can be considered in determining whether the *corpus delecti* is sufficiently proved in a given case." (*Willingham,* 89 Ill. 2d at 360, 432 N.E.2d at 865.)

There is no requirement that corroborating evidence be presented first.

■ Defendant, in his brief, states that because no one ever saw the defendant in or even near the car, the driving element has not been proved. It is well established that observation of a defendant in the act of driving is not an indispensable prerequisite for a conviction. (*People v. Foster* (1985), 138 Ill. App. 3d 44, 485 N.E.2d 603; *People v. Williams* (1976), 44 Ill. App. 3d 845, 358 N.E.2d 1324; *People v. Johnson* (1976), 40 Ill. App. 3d 982, 353 N.E.2d 130; *People v. Toler* (1975), 32 Ill. App. 3d 793, 336 N.E.2d 270; *People v. Jendrzejak* (1968), 98 Ill. App. 2d 313, 240 N.E.2d 239.) The driving element may be proved by circumstantial evidence alone. In *City of Marquette Heights v. Clarkson* (1978), 64 Ill. App. 3d 162, 380 N.E.2d 1213, the defendant was not seen or found in the driver's seat of the car, although he admitted on two occasions to being the driver. Later, at trial, he denied his admissions. However, the testimony of an eyewitness who saw him climb from the driver's seat to the backseat of the car was held sufficient to corroborate his earlier, more credible admissions and prove that the defendant was in fact the driver of the car. Similarly, in *Toler,* the testimony of a law enforcement officer, contradicting the defendant's version of events, was sufficient to prove that the defendant was driving the car while intoxicated. Likewise, in *Jendrzejak,* the court correctly disregarded the defendant's testimony which contradicted his earlier admission of driving the car in question.

Defendant further contends that there was no independent corroborating evidence presented at trial which could support defendant's admission that he was the driver of the car. He cites *People v. Foster*

(1985), 138 Ill. App. 3d 44, 485 N.E.2d 603, to support this contention. We disagree with the defendant's assertion and find *Foster* readily distinguishable from the instant case.

In *Foster*, defendant was observed in a passenger seat of a car, found off the highway, with its rear wheels suspended over a culvert. Defendant twice told an officer at the scene that he was the driver of the car. Later, at the police station, the defendant recanted his admission. At a bench trial, the State presented the testimony of two officers at the scene and the results of a breath test. Based on the location of the car and the defendant's admission, the lower court concluded that the defendant was the driver of the other car. This conviction was reversed. The appellate court noted that defendant's admissions and later recantation, without more, established only that the defendant's statements were equivocal at best. In addition, the court specifically pointed to the fact that the trial judge believed that the location of the car, the defendant's admission, and the later arrest were sufficient to establish the *corpus delicti* of the offense. As the appellate court noted, these facts do not relate to whether the defendant was driving. The undisputed facts were that the defendant was on the passenger side of the car. Moreover, no evidence of vehicle ownership was presented at trial. The instant case is substantially dissimilar.

■ In the instant case, defendant was found, approximately one-half hour after the accident, walking along the highway two miles north of the scene. When defendant was picked up, he voluntarily admitted to the officer he had an accident. A short time later, defendant stated to another officer he was the driver of the car. At trial, the owner of the car was determined to be defendant's family. A witness testified that the defendant's car had, immediately prior to the accident, passed him on the same highway at a high rate of speed. The same witness saw a white male, approximately 28 to 30 years old, exit the wrecked vehicle after the accident, though the witness never got a good look at this person's face. The accident occurred late at night—11:30 or 11:35 p.m.—in a rural area of the State, in December. When the defendant was found two miles away, he had mud on his pants and shoes. Also, a friend of the defendant recognized the car and testified that he stopped to search for the defendant, actually walking up and down on the highway, and calling out the defendant's name. At trial, the defense presented no evidence or witnesses. Moreover, the defendant never denied the statements he made at the scene. Considering all of the State's evidence, we find it corroborates defendant's voluntary statement on the night in question that he had an accident and his admission that he was the driver. Thus, we conclude that the first ele-

ment of the offense—driving the car—was sufficiently proved by the State.

Next, defendant contends that the second element of this offense was not proved beyond a reasonable doubt. Specifically, defendant argues that there was not sufficient proof that he drove the car with a blood-alcohol concentration of 0.10 or more. The record reflects that, at the scene, defendant agreed to take a breathalyzer test. The officer at the scene testified that immediately after encountering the defendant for the first time, he noticed his speech was slurred. Later, he detected the odor of alcohol from the defendant's breath and thereafter had the defendant perform three field-sobriety tests: (1) the walk and turn test; (2) the one-leg stand; and (3) the finger-to-nose test. The defendant performed poorly on the first two. The officer then arrested the defendant and took him to the police headquarters. In the car, the officer described defendant's attitude as combative and argumentative. According to the officer, the defendant repeatedly told the officer "he was ruining his Christmas" and further asked if the officer could "give him a break" and then stated "I will never do it again." The breathalyzer test, administered at the headquarters at 1:36 a.m., indicated defendant's blood-alcohol concentration was 0.15.

■ When presented with a challenge to the sufficiency of the evidence, it is not the function of the reviewing court to retry the defendant. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267, *cert. denied* (1985), 474 U.S. 935, 88 L. Ed. 2d 274, 106 S. Ct. 267.) The relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789.

■ In the instant case, the State's evidence of intoxication included the testimony of the officer who conducted both the field-sobriety tests and the breathalyzer tests as well as the results of the breath test. The officer testified as to his qualifications and the circumstances surrounding the administration of the breath test. He also testified as to his personal observations of the defendant at the scene. Although the testimony of the arresting officer has been held to be sufficient, if credible, to sustain a conviction for driving under the influence of alcohol (*People v. Foley* (1987), 152 Ill. App. 3d 354, 504 N.E.2d 254; *People v. Fowler* (1981), 98 Ill. App. 3d 202, 423 N.E.2d 1356), the State also presented the breathalyzer results. There was more than enough evidence for the court to find that the defendant was intoxicated while driving.

■ In further support of his argument that the evidence was insufficient, defendant points to the long delay before the officer conducted the breathalyzer test. As we noted earlier, it was administered approximately two hours after the accident occurred. Defendant's position is not tenable. We have recently held that delays between driving and breathalyzer testing are viewed as going to the *weight* of the breathalyzer test results, and as such, must be viewed in the light of circumstances surrounding the arrest. (*People v. Borst* (1987), 162 Ill. App. 3d 830, 516 N.E.2d 854; *People v. Kappas* (1983), 120 Ill. App. 3d 123, 129, 458 N.E.2d 140, 143-44.) The record in this case reflects that the test was properly administered and, therefore, the statute was complied with. See *People v. Elliott* (1986), 143 Ill. App. 3d 72, 492 N.E.2d 946.

■ Defendant suggests in his briefs that because the State has failed to eliminate the possibility that the defendant could have consumed a considerable amount of alcohol *after* his car landed in the ditch, reasonable doubt remains as to whether defendant was intoxicated prior to the accident. Therefore, the conviction should be reversed. Again, we do not find defendant's argument persuasive. Moreover, defendant misstates the record and misconstrues the law.

The record indicates that the arresting officer testified that he asked the defendant at the scene whether the defendant had anything to drink since the accident and the defendant said no. This statement, combined with the test results, proves a violation of section 11—501(a)(1). Again, as we noted earlier, defendant presented no evidence at trial, unlike the defendant in *People v. Flores* (1976), 41 Ill. App. 3d 96, 353 N.E.2d 131. In *Flores*, the defendant admitted driving the car at the time of the accident. However, he contended that he began drinking after the accident and presented a witness to support his claim that the officer's testimony as to his admission to the contrary was not credible. The appellate court agreed and reversed the conviction. The instant case is inapposite because we have no conflicting evidence in the record but only hypothetical events, posited by the defendant in his brief.

After reviewing the record, we find that the trial judge committed no error in entering a finding of guilty of driving under the influence of alcohol against the defendant. Therefore, we affirm the conviction.

Affirmed.

LUND and KNECHT, JJ., concur.