THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH A. CHAVEZ, Defendant-Appellant.

Fourth District No. 4—96—0317

Argued October 22, 1996.—Opinion filed December 13, 1996.

Carey J. Luckman (argued), of Pontiac, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Timothy J. Londrigan (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On November 28, 1995, the State charged defendant Joseph A. Chavez by written complaint in the circuit court of Livingston County with the offense of driving under the influence of alcohol (DUI) in violation of section 11—501(a)(2) of the Illinois Vehicle Code (625 ILCS 5/11—501(a)(2) (West 1994)). After a bench trial, the court entered judgment on April 5, 1996, finding defendant guilty. On April 24, 1996, the court sentenced defendant to two years' conditional discharge, 60 days of county jail work release, a fine and costs totalling $500 and fees for the conditional discharge and work release. The

court also ordered defendant to participate in an alcohol-treatment program and to submit to drug testing as a condition of the conditional discharge.

Defendant has appealed, contending the evidence did not permit the court to find him guilty beyond a reasonable doubt. He maintains this was so even if the court properly considered admissions made by him to a law enforcement officer. He further contends that those admissions should not have been considered because the State failed to present sufficient corroborative evidence of the *corpus delicti* to permit consideration of those admissions. The State does not dispute that the proof of guilt was insufficient without the admissions but asserts that sufficient corroboration of the *corpus delicti* was presented to permit consideration of the admissions, and with them before the court, the proof of guilt supported the conviction. We agree with the State and affirm.

The only evidence presented by the State was the testimony of the arresting officer, Deputy Tony Childress of the Livingston County sheriff's office. He testified that (1) on November 3, 1995, about 8:13 p.m., he was dispatched to the location in Livingston County of a vehicle that had rolled over; (2) upon arrival, he observed that vehicle lying on its passenger side in a field; (3) skid marks led from the road to the spot where the vehicle lay; (4) no one was seen in or around the vehicle and he found no alcohol or alcohol containers in or around the vehicle; (5) he had no direct knowledge of when the vehicle had left the road; (6) he then went to the Livingston County jail, where he met and talked with defendant at approximately 11 p.m. on that date.

Childress explained that in his conversation with defendant, the latter admitted (1) he had that day been driving the vehicle that Childress had seen lying on its side; and (2) before he started to drive the vehicle, he had "two drinks" and four or five beers before he went off the road. Childress testified defendant stated he had gone to sleep. The context of these admissions indicated that the vehicle overturned late that day as defendant was headed home. Childress described defendant as then having glassy, bloodshot eyes and having a strong breath odor of alcohol. Childress described defendant's speech as slurred. Childress admitted that he did not require defendant to perform any physical tests for sobriety but asked defendant to recite the alphabet and defendant was unable to do so. Childress also stated that defendant refused to take a breathalyzer test but, in his opinion, defendant was intoxicated.

We consider first the question of whether, if all the evidence including defendant's admissions could be considered by the court,

the evidence supports the judgment of guilt. The universally accepted rule in that regard is, of course, whether a reasonable trier of fact could find that every element of the charged offense was proved beyond a reasonable doubt. *People v. Campbell*, 146 Ill. 2d 363, 374, 586 N.E.2d 1261, 1266 (1992). The elements to be proved here were that defendant drove or was in physical control of the automobile within the State while under the influence of alcohol. 625 ILCS 5/11—501(a)(2) (West 1994).

The evidence was undisputed that defendant admitted to Childress that he drove the automobile when it rolled on its side. Defendant's leg injury would tend to corroborate this. The court could also have believed the testimony of Childress that when he and defendant met at the police station, defendant looked and acted as if he was then intoxicated. Moreover, defendant's unrefuted admission was that he had two drinks and four or five beers shortly before the vehicle turned over.

Defendant maintains that the proof of guilt fails because of the lack of tying the time of the driving of the vehicle to the time when defendant appeared intoxicated. Defendant cites *People v. Flores*, 41 Ill. App. 3d 96, 353 N.E.2d 131 (1976), where the first district overturned a DUI conviction where unrefuted testimony indicated that although that defendant appeared intoxicated at time of arrest, he had been drinking tequila at a party after the collision and before his arrest. Without passing upon whether we agree with *Flores*, we note that no evidence was introduced here that defendant had done any drinking after the vehicle had turned on its side and defendant's drinking was reasonably tied to the time when Childress saw him. If the admissions were properly before the court, the evidence supported the conviction.

Accordingly, we turn to the issue of the sufficiency of the corroboration of the *corpus delicti*. A noted authority on criminal law has stated that the significance of the phrase "*corpus delicti*" has often been misunderstood but that it means " 'the body of the crime' " and that it refers to (1) "the *occurrence* of the specific kind of injury or loss"; and (2) "somebody's criminality *** as the source of the loss." (Emphasis in original.) 1 W. LaFave & A. Scott, Substantive Criminal Law § 1.4(b), at 24 (1986) (hereinafter Substantive Criminal Law). That text states the principal use of the concept of *corpus delicti* is the rule that in a criminal case an admission or confession by the accused can be considered only if corroborative evidence of the *corpus delicti* is presented.

Clearly, collaborative proof of the *corpus delicti* need not be beyond a reasonable doubt. Rather, the standard has been described as

"some independent evidence." *People v. Willingham*, 89 Ill. 2d 352, 360, 432 N.E.2d 861, 865 (1982).

Some indication of the strength of corroborating evidence necessary to permit consideration of admissions or confessions of an accused can be obtained from the reasons stated for the rule requiring corroboration. The *Willingham* opinion stated:

> "The corroboration requirement stems from an attempt to assure the truthfulness of the confession and recognizes that the reliability of a confession 'may be suspect if it is extracted from one who is under the pressure of a police investigation—whose words may reflect the strain and confusion attending his predicament rather than a clear reflection of his past.' *Smith v. United States* (1954), 348 U.S. 147, 153, 99 L. Ed. 192, 199, 75 S. Ct. 194, 197. Accord, *People v. O'Neil* (1960), 18 Ill. 2d 461, 464[, 165 N.E.2d 319, 321]." *Willingham*, 89 Ill. 2d at 359, 432 N.E.2d at 864.

In *People v. Dalton*, 91 Ill. 2d 22, 434 N.E.2d 1127 (1982), the supreme court recognized that both a noted authority on evidence (7 J. Wigmore, Evidence § 2070, at 510 (Chadbourn rev. ed. 1978)) and an opinion by the distinguished Judge Learned Hand in *Daeche v. United States*, 250 F. 566, 571 (2d Cir. 1918), had criticized and urged elimination of the rule requiring corroboration of extrajudicial admissions or confessions. Nevertheless, the court refused to abolish the rule in its entirety but refused to follow it in upholding a conviction for indecent liberties with a child when the sole proof of the defendant's age was his extrajudicial admission that he was barely of the required age. The court also explained that the rule requiring corroboration is based not only on the pressure upon a defendant while being interrogated by police but also because persons with psychological problems might incriminate themselves for offenses that had not occurred or that they did not commit. *Dalton*, 91 Ill. 2d at 29, 434 N.E.2d at 1131.

A situation somewhat similar to that here, although more favorable to the prosecution, was before this court in *People v. Call*, 176 Ill. App. 3d 571, 531 N.E.2d 451 (1988). There, a vehicle was seen in a position similar to that here but a witness saw a person leave it and evidence was introduced that the vehicle belonged to the defendant. Other evidence indicated that the defendant flagged down a police officer for a ride at a point about two miles from the place where the vehicle was left and the officer gave the defendant sobriety tests and obtained a .15 reading on a breathalyzer test given to the defendant. This court held that this evidence was sufficient to corroborate admissions made by the defendant to the officer that he was the driver of the vehicle.

The evidence here was undisputed that defendant admitted he had consumed a considerable number of intoxicating beverages and that he drove the overturned vehicle. The testimony of Childress that defendant appeared intoxicated at the station is strong corroboration of defendant's admitted drinking. The testimony that defendant appeared at the station with a leg injury likely to have resulted from an episode such as the turning over of the vehicle is some corroboration of defendant's stated admission to Childress that he had been driving that vehicle. Moreover, as the overturning of a vehicle is something likely to happen when its driver is intoxicated, the evidence that defendant was intoxicated at the time he appeared with the leg injury is some further corroboration that he was likely driving the vehicle.

We recognize the corroborating evidence here in regard to tying the defendant to the driving of the vehicle that was a subject of the offense is not as strong as was that testimony in *Call*. Nevertheless, any concern here that, because of the presence of the circumstances or some psychological quirk of defendant, he made admissions causing his conviction of an offense that never occurred or that he did not commit is well negated by the corroborating evidence of the *corpus delicti* presented. Accordingly, we deem the corroborating evidence of the *corpus delicti* justified consideration of defendant's admissions.

As the admissions were properly considered and the proof, including those admissions, supported the judgment of guilt, we affirm that conviction and sentence.

Affirmed.

STEIGMANN, P.J., and GARMAN, J., concur.