**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240611-U

Order filed September 2, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0611 Circuit No. 22-MT-1434 |
| MICHAEL A. MUSSARIO, | ) ) ) | Honorable Michael C. Jansz, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE BRENNAN delivered the judgment of the court.
Justices Peterson and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The evidence presented at trial was sufficient to establish defendant drove or operated a motor vehicle to sustain his convictions.

¶ 2    Following a bench trial, defendant, Michael A. Mussario, was found guilty of various offenses under the Illinois Vehicle Code (Code) (625 ILCS 5/1-100 *et seq.* (West 2022)). Defendant appeals, arguing the evidence was insufficient to sustain his convictions as the State failed to prove he was driving or in actual physical control of a motor vehicle. We affirm.

¶ 3                                           I. BACKGROUND

¶ 4          On December 26, 2022, the Illinois State Police issued defendant citations for driving while his license was suspended (*id.* § 6-303(a)), operating a motor vehicle without an ignition interlock device as required by restriction (*id.* § 6-206.2(a)), operating an uninsured motor vehicle (*id.* § 3-707(a)), and improper lane usage by crossing a lane boundary unsafely (*id.* § 11-709(a)).

¶ 5          On April 26, 2024, the matter proceeded to a bench trial. Officer Tavis Fivek testified he was on patrol the evening of December 26, 2022. At approximately 2 a.m., he was dispatched to a report of a vehicle in the trees off Interstate 80. When Fivek arrived at the scene, he observed a vehicle in the trees and tire tracks leading from the roadway to the grass where the vehicle was located. The road was wet. Fivek approached the vehicle and observed defendant sitting behind the steering wheel in the driver's seat. Defendant produced his driver's license but was unable to provide any proof of insurance. Fivek believed he asked defendant how the vehicle ended up in the trees, but he could not recall what explanation defendant provided. Fivek learned from dispatch that defendant had a suspended license and a breath alcohol ignition interlock device (BAIID) restriction. Fivek did not observe a BAIID in the vehicle. The State admitted into evidence a certified copy of defendant's driving abstract from the Illinois Secretary of State. The abstract provided, on December 26, 2022, defendant had a suspended driver's license and a valid monitoring device driving permit. The court found defendant guilty of all counts.

¶ 6          On May 31, 2024, defendant filed a motion for judgment notwithstanding the verdict or a new trial. Among other things, defendant argued the State failed to establish that he was in actual physical control of a motor vehicle. The court held a hearing on the motion, which it denied. The court explained the circumstantial evidence gave rise to the reasonable inference that defendant was driving the vehicle when he veered off the road into the ditch by the trees.

2

¶ 7    On October 18, 2024, the court held a sentencing hearing. In mitigation, defense counsel stated that, while not excusing defendant's operation of a motor vehicle or the removal of the BAIID on the night in question, defendant was driving to leave Illinois and receive medical treatment. Defendant's conviction for operating a motor vehicle without an ignition interlock device merged, and the court imposed a sentence of one year of conditional discharge for driving on a suspended license and one year of court supervision for operating an uninsured motor vehicle and improper lane usage. Defendant appeals.

¶ 8                                        II. ANALYSIS

¶ 9    On appeal, defendant argues the evidence was insufficient to sustain his convictions because it did not establish beyond a reasonable doubt that he was driving or in actual physical control of a motor vehicle. When reviewing a challenge to the sufficiency of the evidence, we must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Gray*, 2017 IL 120958, ¶ 35. The trier of fact determines the credibility of the witnesses, assigns weight to the testimony, resolves conflicts in the evidence, and draws reasonable inferences from basic facts to ultimate facts. *People v. Brown*, 2013 IL 114196, ¶ 48. A conviction will not be reversed unless the evidence is so unreasonable, improbable, or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 225 (2009). The same standard applies whether the evidence is direct or circumstantial. *Brown*, 2013 IL 114196, ¶ 49.

¶ 10    To prove defendant guilty of driving while his license was suspended, the State was required to establish that defendant drove or was in actual physical control of a motor vehicle upon any highway in Illinois when defendant's driver's license was suspended. 625 ILCS 5/6-303(a)

(West 2022). While this offense allows the State to demonstrate either defendant drove *or* was in actual physical control of a motor vehicle, the other three offenses for which defendant was convicted required the State to prove defendant operated (*id.* §§ 6-206.2(a), 3-707(a)) or drove a motor vehicle (*id.* § 11-709(a)).[1] Defendant contends the State failed to prove either proposition— that he drove or operated a vehicle or was in actual physical control of a motor vehicle. Defendant does not challenge any other element with respect to these convictions, and therefore, we forego any discussion of the other requisite elements in our analysis.

¶ 11    The element of driving or operating a motor vehicle may be proven by circumstantial evidence alone. *People v. Call*, 176 Ill. App. 3d 571, 576 (1988). "Circumstantial evidence is proof of facts and circumstances from which the trier of fact may infer other connected facts that reasonably and usually follow according to common experience." *People v. McAndrew*, 2024 IL App (1st) 230881, ¶ 45. Thus, "observation of a defendant in the act of driving is not an indispensable prerequisite for a conviction." *People v. Lurz*, 379 Ill. App. 3d 958, 969 (2008).

¶ 12    Here, the evidence clearly established defendant drove or operated a motor vehicle, which is sufficient to sustain each conviction. Fivek testified he was dispatched at approximately 2 a.m. to a report of a vehicle that was in the trees off the interstate. When he arrived at the scene, he observed tire tracks leading off the interstate to where the vehicle was located among the trees, and the road was wet. Fivek located defendant in the vehicle alone and in the driver's seat. When considering the time, the road condition, the vehicle's location off an interstate, tire tracks from the road leading to the vehicle, defendant being alone, and defendant's position in the vehicle

---

[1]For these three other offenses, defendant raises no issue with the interchangeability of the acts of driving and operating a motor vehicle, and we conclude there is no distinction for our purposes. The Code defines "drive" as "[t]o drive, operate, or be in physical control of a motor vehicle" (625 ILCS 5/1-115.8 (West 2022)) and "operate" as "[t]o ride in or on, other than as a passenger, use or control in any manner the operation of any device or vehicle whether motorized or propelled by human power" (*id.* § 1-154.1).

behind the steering wheel, it is reasonable to conclude based on common experience that defendant drove or operated the motor vehicle. We need not disregard inferences that flow normally from the evidence and search out explanations consistent with innocence and raise them to a level of reasonable doubt. *People v. Wheeler*, 226 Ill. 2d 92, 117 (2007). Accordingly, drawing all reasonable inferences in favor of the State, we conclude a rational trier of fact could find defendant guilty beyond a reasonable doubt of each offense. Therefore, because the evidence was sufficient to establish that defendant drove or operated a motor vehicle, we need not address whether the evidence supported a finding of actual physical control.

¶ 13                                 III. CONCLUSION

¶ 14        The judgment of the circuit court of La Salle County is affirmed.

¶ 15        Affirmed.